IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WPS Inc. d/b/a Honda of Columbia, | C/A No. 3:16-cv-2525-CMC |
| Plaintiff, | |
| v. | Opinion and Order Granting in Part Motion to Strike Rebuttal Reports (ECF No. 74) |
| American Honda Motor Co. Inc., and PMJ Automotive of South Carolina, LLC, | |
| Defendants. | |

Through this action, Plaintiff WPS, Inc., d/b/a Honda of Columbia ("Plaintiff") brings state claims against American Honda Motor Co., Inc., ("AHM") and PMJ Automotive of South Carolina ("PMJ"), requesting declaratory and injunctive relief and asking the court to "prohibit the establishment of a new dealership . . .within ten miles of an existing dealership, like Honda of Columbia." ECF No. 1-1, Compl. at ¶ 40.

The matter is before the court on AHM's motion to strike Plaintiff's Rebuttal Expert Reports.[1] ECF No. 74. For the reasons set forth below, the motion is granted in part.

**PROCEDURAL HISTORY**

Under a scheduling order in this case, agreed to by the parties, Defendant AHM's initial expert reports were due December 13, 2016, and were timely submitted. ECF No. 43. Plaintiff's deadline for initial expert reports was February 10, 2017, and two reports were submitted. ECF

---

[1] Because the challenged opinions/reports have not yet been introduced, the court will treat this motion as a motion to exclude under Rule 37(c)(1), Federal Rules of Civil Procedure.

No. 50. Rebuttal expert reports were due June 29, 2017. ECF No. 59. Plaintiff submitted two "Rebuttal/Supplemental Reports" on that date.[2]

On July 26, 2017, AHM filed a motion to strike the rebuttal/supplemental expert reports of Plaintiff's experts, Joseph F. Roesner and Kenneth Rosenfield. ECF No. 74. AHM argues Plaintiff is "attempt[ing] to bolster the analyses contained in its initial reports under the guise of rebuttal . . . and the two reports filed as rebuttal/supplemental expert reports should be stricken." ECF No. 74-1. Specifically, AHM argues the June reports are untimely "affirmative expert reports," and should be stricken because they do not contain rebuttal evidence, are not proper supplementation under Rule 26(e), and the failure to properly disclose the information is neither harmless nor substantially justified. *Id.*

Plaintiff filed a response, noting its "rebuttal reports were timely, were served almost eight months prior to the trial date, and directly rebut AHM's experts' opinions that the proposed dealership will not negatively impact Honda of Columbia." ECF No. 75. Plaintiff argues AHM's motion is procedurally improper, as a motion to strike is not the appropriate mechanism to challenge an expert report. Plaintiff also contends the reports are "classic rebuttals . . . as to the impact of the proposed new dealership." In the alternative, if the court finds the reports are not proper rebuttal, Plaintiff argues the reports are permitted supplements under Rule 26. Finally, Plaintiff argues the reports are "still permissible" if not allowed under Rule 26 because they are substantially justified and/or harmless, because they were served within the discovery period, before expert depositions, and almost eight months before trial.

---

[2] AHM also submitted rebuttal reports by the June deadline, but these reports are not the subject of this motion.

In its reply, AHM argues Plaintiff's new reports were not submitted in response to new information provided by AHM's experts, and were for the purpose of recreating proximity analysis to allege more damage to Plaintiff. ECF No. 76. AHM argues the initial reports submitted by Plaintiff were not inaccurate and the June reports do not include new information unavailable prior to the initial reports. Finally, it argues the "last minute submission" is neither justified nor harmless and should be stricken.

## STANDARD

Pursuant to Fed. R. Civ. P 26(a)(2)(B), expert witness disclosures "must be accompanied by a written report," which contains, in relevant part, "a complete statement of all opinions the witness will express and the basis and reasons for them." The parties must disclose expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P 26(a)(2)(D).

Rebuttal reports are "intended solely to contradict or rebut evidence on the same subject matter identified by another party ..." Fed. R. Civ. P. 26(a)(2)(D)(ii). "Rebuttal evidence is defined as evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party." *United States v. Stitt,* 250 F.3d 878, 897 (4th Cir. 2001). "A party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief." *Wise v. C. R. Bard, Inc.,* No. 2:12-CV-01378, 2015 WL 461484, at *2 (S.D.W.Va. Feb. 3, 2015). Thus, "[r]ebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts." *Boles v. United States,* No. 1:13-CV-489, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015). "Ordinarily, rebuttal evidence may be introduced only to counter new facts presented in the defendant's case in chief. Such new facts might include 'surprise' evidence presented by the defendants. Permissible rebuttal evidence also

3

includes evidence unavailable earlier through no fault of the plaintiff." *Allen v. Prince George's Cnty., Md.*, 737 F.2d 1299, 1305 (4th Cir. 1984).

However, rebuttal reports "may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Withrow v. Spears,* 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (quoting *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State St. Bank & Trust Co.,* 290 F.R.D. 11, 16 (D. Mass. 2013)). "Expert reports that simply address the same general subject matter as a previously-submitted report, but do not directly contradict or rebut the actual contents of that prior report, do not qualify as proper rebuttal or reply reports." *Boles,* 2015 WL 1508857, at *2 (quoting *Withrow,* 967 F. Supp. 2d at 1002); *E. Bridge Lofts Prop. Owners Ass'n, Inc. v. Crum & Forster Specialty Ins. Co.*, No. 2:14-CV-2567-RMG, 2015 WL 12831677, at *1 (D.S.C. July 9, 2015).

Under Rule 26(e), litigants have a duty to supplement or correct discovery responses that are incomplete or incorrect in some material respect, and with respect to expert reports, a party's duty to supplement extends both to information included in the report and to information provided during the expert's deposition. Fed. R. Civ. P. 26(e).

> Rule 26(e) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure is incorrect or incomplete and, therefore, misleading. It does not cover failures or omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation.

*Palmetto Pharm. LLC v. AstraZeneca Pharm. LP*, No. 2:11-CV-00807-SB-JDA, 2012 WL 4369259, at *2 (D.S.C. July 18, 2012) (citing *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002)). "Accordingly, Rule 26(e) permits supplemental reports only for the narrow

purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." *Id.*

Federal Rule of Civil Procedure 37(c)(1) allows a court to exclude evidence that was not properly disclosed under Rule 26(a). "[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). "The language of Rule 37(c)(1) provides two exceptions to the general rule excluding evidence that a party seeks to offer but has failed to properly disclose: (1) when the failure to disclose is substantially justified, and (2) when the nondisclosure is harmless." *Id.* The Fourth Circuit has articulated five factors to determine whether the nondisclosure is substantially justified or harmless and whether exclusion of the evidence is warranted: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Id.* at 597.

**EXPERT REPORTS**

Plaintiff disclosed two expert reports in June 2017 as Rebuttal/Supplemental Reports. ECF Nos. 74-4 (Roesner Report); 74-5 (Rosenfield Report).[3]

Mr. Roesner's Rebuttal/Supplemental Report purports to disagree with AHM's expert Farhat's opinion existing dealers would not necessarily lose business if a new Honda dealership opened. ECF No. 74-4 at ¶ 1. However, he notes "[m]any exhibits in this report re-create those

---

[3] As the reports' fitness as rebuttal or supplemental reports will be analyzed in this order, they will be referred to as "June reports" to limit confusion.

5

in my February report which incorporated drive times. Other exhibits are versions of those in my February report which relied upon drive distance." *Id.* at ¶ 2. Mr. Roesner appears to have simply recreated the analyses in his previous report with different data (Google versus "Routing J Server" drive time data). Mr. Roesner's Declaration, submitted in support of Plaintiff's response in opposition to the motion to strike, confirmed his June report "recreated exhibits already produced in my February 10, 2017 report but made use of drive time data from Google Maps Distance Matrix API ('Google')." ECF No. 75-4 at ¶ 3.

The only new piece of information appears to be a case study of a new Honda dealership added in Georgia. Mr. Roesner includes a paragraph regarding a case study of an "analysis of the effect of [a new Honda dealership] opening on an adjacent dealer." ECF No. 74-4 at ¶ 19. This analysis showed "sales of the adjacent dealer were indeed impacted following the addition of the new dealership to the market," even though the dealerships in Georgia were "more than twice as far apart from each other than the 6.2 miles separating the proposed Add Point and Honda of Columbia." *Id.*

Mr. Rosenfield's Rebuttal/Supplemental Report clearly states it is based upon Mr. Roesner's supplemental report, not any of AHM's experts' reports. ECF No. 74-5. The cover letter specifically notes: "[T]he purpose of this report is solely to update our lost profit calculations to reflect the change in loss ratios. There has been no change to our opinion in regards to the Report of Herbert E. Walter, as expressed in our original report dated February 10, 2017." *Id.* An examination of the rebuttal/supplemental report reveals the same: the two page analysis and appendices merely recalculate the total potential lost profits over five years, finding a much higher "high end of loss range" of over ten million dollars (as opposed to under six million dollars in the initial report).

# DISCUSSION

*I.   Rebuttal*

While Plaintiff argues the June reports are rebuttal material in a general sense, as they rebut AHM experts' overarching opinion that Plaintiff would not suffer harm with the addition of the new dealership, it appears clear to the court the majority of Roesner's and all of Rosenfield's June reports do not rebut the specifics of AHM's expert reports. *See Boles*, 2015 WL 1508857, at * 3 (citing *Calvert v. Ellis*, No. 2:13-cv-00464, 2014 WL 3897949 (D. Nev. Aug. 8, 2014)) (reasoning that, even though the reports "address the same general subject matter of the case, [the purported rebuttal report] does not directly address the findings, *i.e.*, the same subject matter, of [the initial] experts' reports."). Similarly, while Roesner's and Rosenfield's June reports may address the same general issue in the case (whether Plaintiff would suffer harm if the new dealership is established), they do not purport to even address the specifics of AHM's experts' reports and do not in fact do so. *Boles*, 2015 WL 1508857, at * 4 ("Although [Plaintiff's expert's] expert report takes different general positions than Defendant's experts' reports, that does not suffice to qualify as rebuttal."). For these reasons, the court finds the majority of the June reports do not qualify as rebuttal. *Id.* at *3 (finding expert reports are not rebuttal when "Plaintiff's experts' reports do not address any of Defendant's experts' reports; Plaintiff's experts' reports do not rebut, contradict, or respond to the specific opinions or conclusion of Defendant's experts' reports. Rather, each of Plaintiff's experts' reports offers its own theories without limitation to attacking the theories offered by Defendant's experts.").

The only part of the Roesner June report that qualifies as rebuttal is the opinion regarding the Georgia dealership and how it was impacted by the opening of an adjacent dealer. *See* ECF No. 74-4 at ¶ 19; ECF No. 75-1. Roesner's report analyzes the opening of a new Honda dealership

in Roswell, Georgia, noting "sales of the adjacent dealer were indeed impacted following the addition of the new dealership to the market." ECF No. 74-4 at ¶ 19. This portion of the report purports to be in direct response to AHM expert Farhat's analysis involving "an examination of real world situations of a similar nature where 'after-the-fact' results were available to confirm the conclusions reached in the subject analysis." ECF No. 75-2 at ¶ 45. Mr. Farhat analyzed non-Honda "brands that have added representation in the Columbia Metro," and concluded the "brand registration effectiveness improved with the addition of the new dealership." *Id.* Based on Mr. Farhat's opinion "the ideal case study would be the same brand, taking the same action, in the same market," it is reasonable to consider Mr. Roesner's analysis of the same brand, in a different market, and with different results, to be a rebuttal of Mr. Farhat's case study.

Therefore, paragraph 19 of Roesner's June report is considered proper rebuttal evidence. The remainder of the Roesner June report, and the entirety of the Rosenfield June report, are not proper rebuttal evidence and will not be admitted as such.

## II. *Supplements*

The court also finds the balance of the June reports are not permissible supplements. Rule 26(e) permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report. While Mr. Roesner updated his drive time calculations with Google data, as opposed to the Routing J Server drive time data used in his previous report, this is not information unavailable at the time of the initial report. Although he notes his firm has recently begun using Google drive time data, he does not state it was previously unavailable to him. Nor did he use it because the previous data was inaccurate – he merely wished to utilize a different source of data. This is not proper supplementation to his initial report. Rosenfield's report is the same: it does not appear to contain

8

any purported corrections of inaccuracies or new information previously unavailable, but simply updates the previous opinions with Roesner's new data, which is helpful to Plaintiff's position, but not appropriate supplementation under Rule 26(e). Therefore, neither report will be admitted under Rule 26(e).

### III. *Substantially Justified or Harmless*

Because they are not proper rebuttal or supplemental opinions, the June reports are untimely expert submissions, and the court must determine whether they should be allowed, despite this, under Fed. R. Civ. P. 37(c). In determining whether the reports are substantially justified or harmless, the court examines the following factors: the surprise to the party against whom the evidence would be offered; the ability of that party to cure the surprise; the extent to which allowing the evidence would disrupt the trial; the importance of the evidence; and the nondisclosing party's explanation for its failure to disclose the evidence. *S. States Rack*, 318 F.3d at 596.

The balance of the factors favors AHM. AHM submitted its reports first, so Plaintiff's experts had those when preparing their initial reports. Plaintiff thus had the opportunity to rebut AHM's experts' opinions in its initial reports. Further, there were no new reports submitted by AHM between February and June, therefore there was no new information from AHM for Plaintiff's experts to rebut in the June reports. The Google data utilized in the June reports was available in February, and could have been used then. Plaintiff has offered no good explanation for the failure to use the Google data in its initial reports.

Although the scheduling order allowed rebuttal reports, AHM was justifiably surprised by the inclusion of new opinions not constituting rebuttal or supplemental evidence that doubled the

impact estimate. Because the challenged reports were not submitted until the rebuttal deadline, AHM did not have the ability to cure the surprise via its own expert rebuttal reports.[4] Further, several witnesses have already been deposed by AHM without analysis of and questioning concerning the June reports.

As to the second factor, it does not appear likely allowing the evidence would disrupt the trial, which has now been set for February of 2018. It would, however, require reopening of the period for rebuttal reports by AHM's experts, as well as extension of the discovery deadline.

The third factor, importance of the evidence, weighs in AHM's favor. The opinion of harm to Plaintiff by opening of the new dealership had already been made by the previous expert reports. The change in use of data from Google versus Routing J Server simply increased the impact estimate.

Finally, the fourth factor, Plaintiff's explanation for its failure to disclose the opinions in the initial expert reports, does not reflect a need to add information not available at that time or necessary to correct inaccuracies. The key question is whether the untimely submission of the revised opinions is substantially justified. The court is not convinced by Plaintiff's explanation for the change in the June reports - it is clear from the language and content of the June reports that they are not true rebuttals or supplements as defined by the Federal Rules and case law. In fact, this type of opinion was not even the subject of AHM's expert reports.[5] Although Plaintiff

---

[4] Plaintiff appears to argue AHM would be allowed to file responses to the June reports because discovery is still open; however, the deadline in the scheduling order for rebuttal reports has expired.

[5] AHM's expert Mr. Farhat did not attempt to calculate amount of business potentially lost by Plaintiff if the new dealership is established. Similarly, Mr. Walter did not attempt to evaluate the potential impact of the new dealership on Plaintiff's financial condition.

contends the recreation of the proximity analyses by its experts is due to the "more accurate" Google data, that is not the standard required for a rebuttal or supplemental report, and does not provide substantial justification for the untimely submission.

## CONCLUSION

For the reasons set forth above, AHM's motion to strike, treated as a motion to exclude, is granted in part. Plaintiff's experts' June reports are excluded with the exception of paragraph 19 of Roesner's June report. Plaintiff may not utilize the information in the June reports, other than paragraph 19 of Roesner's report, as evidence in this case.

**IT IS SO ORDERED**.

<u>s/ Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 22, 2017